**INTERNATIONAL UNION, U.A.W., et al., Plaintiffs,**

v.

**NATIONAL RIGHT TO WORK LEGAL DEFENSE AND EDUCATION FOUNDATION, INC., et al., Defendants.**

Civ. A. No. 73–839.

United States District Court, District of Columbia.

March 31, 1983.

Joseph L. Rauh, Jr., John Silard, Mary M. Levy and James C. Turner of Rauh, Silard & Lichtman, Washington, D.C., for plaintiffs.

James P. Schaller of Jackson, Campbell & Parkinson, Washington, D.C., and Rex H. Reed and David T. Bryant of the National Right to Work Legal Defense Foundation, Springfield, Va., and Whitney North Seymour, Conrad K. Harper and Robert I. Bodian of Simpson, Thacher & Bartlett, New York City, for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

This case has been before the Court for a very long time, and is the oldest case on its docket. The delay has been occasioned by the intransigence and extreme positions of the parties and their innumerable appeals, including to the Supreme Court. However, the time has now come for a final resolution. Toward that end, plaintiffs again seek discovery of information that defendants have long claimed is constitutionally privileged and to proceed to trial. Defendants, on the other hand, claim they are entitled to summary judgment as a matter of law. Both sides have submitted elongated briefs in support of their respective positions. After careful consideration of *all* of these submissions, the Court holds that plaintiffs' discovery of the long sought-after constitutionally privileged information shall be denied, that defendants' motion for summary judgment shall be denied, and that the case shall proceed to trial based on the discovery that has occurred to date and any other discovery that the parties wish to conduct within the next 60 days other than that which the Court hereby denies.

■ Defendants claim they are entitled to summary judgment because plaintiffs have raised no material issues of fact under the legal standard set out by the Court of Appeals in this case. Defendants claim that, under the Court of Appeals' most recent decision in this case, plaintiffs must show that their "legal aid activity is ... controlled by interested employers or employer associations, ... undertaken at the behest of such employers, ... permit[s] such employers to get involved in union member suits, ... [or can] otherwise be imputed to such employers ...." (citing 590 F.2d 1139, 1150 (D.C.Cir.1977)). Plaintiffs, on the other hand, claim that the relevant legal standard is whether defendant Foundation is a "bona fide, independent legal aid organization" (citing 590 F.2d 1139, 1142) or instead a front for anti-labor, employer interests. Even using the legal standard preferred by defendants, however, plaintiffs plainly have raised genuine issues of material fact sufficient to defeat defendants' motion for summary judgment. For instance, plaintiffs hotly dispute the way in which the defendant Foundation decides what cases it will prosecute and whether the defendant Foundation's decisions are controlled by its board of governors or by the defendant Committee. Plaintiffs have

presented facts in support of its position and have also, for example, discovered that at least one of the employers in the 21 suits mentioned in the complaint has made substantial contributions to defendants. Indeed, not only are there disputed issues of material fact, but it would plainly be inequitable for defendants to withhold evidence from plaintiffs and then to succeed in denying plaintiffs a trial on the ground that plaintiffs' evidence is insufficient. Accordingly, defendants' motion for summary judgment shall be denied.

■ Plaintiffs' renewed request for discovery of the information defendants claim is constitutionally privileged shall, however, also be denied. It is true that the Court has previously ordered defendants to produce much of the information plaintiffs have sought, but defendants have continued to invoke their rights of privacy and freedom of association under the First Amendment. In accordance with the decision of the Court of Appeals, 590 F.2d at 1152, the Court has therefore ordered plaintiffs to try to obtain this information from alternative sources. Plaintiffs have now apparently done so, and although they claim that they still require discovery from defendants, they also claim that they have acquired enough information from the Court-ordered alternative sources to make out a *prima facie* case. In consideration of this representation, and in consideration of the Court of Appeals' stern admonition against discovery of constitutionally-privileged information from defendants, *id.*, the Court shall deny plaintiffs' renewed request for discovery of such information.

To be sure, a distinction must be drawn between information withheld on constitutional grounds and information withheld on other grounds such as relevancy. Because the parties disagree about the legal standard to be applied in this case, relevancy objections are as much a waste of the Court's time as they are likely to be interposed. Accordingly, the Court shall reject all of the relevancy objections that defendants have made to date and shall order defendants to answer all questions to which

constitutional objections have not been interposed. The Court shall also allow plaintiffs to complete their deposition of Reed Larson on the condition that it be limited to the updating of information already supplied at his first deposition and to the determination of whether or not the Foundation is a "bona fide, independent legal aid organization."

In conclusion, it is, by the Court, this 31st day of March, 1983,

ORDERED that defendants' motion for summary judgment is denied, and it is

FURTHER ORDERED that plaintiff's renewed request for discovery of information which defendants claim is constitutionally protected is denied, and it is

FURTHER ORDERED that, on or before April 15, 1983, defendants comply with the Court's Order of April 18, 1980, except as to that information, and *only* that information, for which they claim constitutional privilege, and it is

FURTHER ORDERED that, on or before April 30, 1983, plaintiffs be allowed to complete their deposition of Reed Larson, on the condition that it be limited to the updating of information already supplied at his first deposition and to the determination of whether or not the Foundation is a "bona fide, independent legal aid organization."